IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CHRISTOPHER ANDREWS, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br>-against-<br><br>**JDSA I, LTD., a franchise d/b/a "Jason's Deli," and BERNARD KYLE BECK,**<br><br>**Defendants.** | Case No. 5:17-cv-1083<br><br><br><br>**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Christopher Andrews ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel alleges as follows:

## NATURE OF THE ACTION

1.      This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff arising out of hours worked in his salary-paid assistant manager position(s) below the level of 1A manager ("AM"), and for other current and former employees working in assistant manager positions below the level of 1A manager (collectively, the "AMs"), who worked more than 40 hours as an AM in any workweek at any of the Jason's Deli store locations owned or operated by Defendants, for which workweek the AM was paid within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "relevant period").

## THE PARTIES

2.      Plaintiff Christopher Andrews ("Plaintiff") is a resident of San Antonio, Texas within this judicial district.

1

3.      Defendant JDSA I, Ltd. is a franchisee of Deli Management, Inc. and does business as "Jason's Deli."

4.      According to its corporate filings with the Texas Secretary of State, Defendant JDSA I, Ltd. ("JDSA I") may be served with process on its registered agent, B. Kyle Beck. at 2929 Mossrock, Suite 119, San Antonio, Texas 78230.

5.      Defendant Bernard Kyle Beck is the President of JDSA, Inc. and has a mailing address of 368 Terrell Road, San Antonio, TX 78209, and an office address of 2929 Mossrock, Suite 119, San Antonio, Texas 78230.

6.      Upon information and belief, Defendant Beck is the managing owner of JDSA, Inc., which is the general partner of JDSA I.

7.      Upon information and belief, Defendant JDSA I owns and operates Jason's Deli franchise restaurants in San Antonio, Texas.

8.      Upon information and belief, Defendant Beck, at all times during the relevant period throughout the date of this Complaint, was the corporate officer with operational control over Plaintiff's and the AMs' employer, JDSA I.

9.      At all times during the relevant period through the date of this Complaint, Defendant Beck was a person acting directly or indirectly in the interest of Plaintiff's employer in relation to Plaintiff.

10.      At all times during the relevant period through the date of this Complaint, Defendant Beck was a person acting directly or indirectly in the interest of the AMs' employer in relation to the AMs.

11.      At all times during the relevant period through the date of this Complaint,

2

Defendant Beck was a corporate officer with operational control of Plaintiff's employer in relation to Plaintiff.

12.     At all times during the relevant period through the date of this Complaint, Defendant Beck was a corporate officer with operational control of the AMs' employer in relation to the AMs.

13.     At all times during the relevant period through the date of this Complaint, Defendant Beck had a majority or more than insubstantial ownership interest in the employer of Plaintiff and the AMs.

14.     At all times during the relevant period through the date of this Complaint, Defendant Beck exercised significant operational control over the corporate functions of the employer of Plaintiff and the AMs.

15.     JDSA I and Defendant Beck constitute an "enterprise" having control over Plaintiff's and the AMs' employment under the FLSA.

16.     At all times during the relevant period through the date of this Complaint, Defendant Beck was responsible for classification of Plaintiff and the AMs as exempt from the overtime laws, and for payment to Plaintiff and the AMs for hours worked, as a corporate officer with operational control of the covered enterprise that employed Plaintiff and the AMs, and may therefore be held liable in an individual capacity as an "employer," as defined by the FLSA, for the failure to pay overtime compensation to Plaintiff and the AMs in violation of § 207 of the FLSA.

17.     Plaintiff worked as a salary-paid AM from September 2012 until February 2017 (Plaintiff's "period of AM employment").

18.     Plaintiff worked for Defendant JDSA I during his period of AM employment at its stores located in San Antonio, Texas.

19.     Plaintiff frequently worked over 40 hours in a workweek during his period of AM employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

20.     Plaintiff is a covered employee under the FLSA.

21.     Defendant JDSA I was an employer of Plaintiff under the FLSA.

22.     JDSA I was at all times during the relevant period a provider of food and beverage services and was at all times during the relevant period through the date of this Complaint an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

23.     JDSA I, at all times during the relevant period through the date of this Complaint, was an enterprise engaged in commerce for purposes of the FLSA, having employees handling or otherwise working on goods or materials that have been moved in or produced for commerce.

24.     JDSA I, at all times during the relevant period through the date of this Complaint, had annual gross revenues in excess of $500,000.

25.     At all times during the relevant period through the date of this Complaint, Defendants were responsible for classification of Plaintiff and the AMs as exempt from the overtime laws, and for payment to Plaintiff and the AMs for hours worked, as a corporate officer with operational control of the covered enterprise that employed Plaintiff and the AMs, and may therefore be held liable in an individual capacity as an "employer," as defined by the FLSA, for the failure to pay overtime compensation to Plaintiff and the AMs in violation of §

207 of the FLSA.

## JURISDICTION & VENUE

26.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C.

§ 216(b) and 28 U.S.C. § 1331.

27.     This Court has supplemental jurisdiction over the additional state law claims

alleged herein pursuant to 28 U.S.C. § 1367(a).

28.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant

JDSA, I as a covered enterprise operates Jason's Deli restaurants in this judicial district,

Plaintiff worked for, and received paychecks from his employment from Defendant JDSA, I

within this judicial district, and a substantial part of the events giving rise to the claim herein

occurred in this judicial district.

29.     Defendants are subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims

individually and as a collective action on behalf of all persons who are or were formerly

employed by Defendant as AMs at any time during the relevant period (the "Collective Action

Members").

31.     Defendants are liable under the FLSA for, *inter alia*, failing to properly

compensate Plaintiff and other AMs.

32.     There are many similarly situated current and former AMs who have not been

paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and

who would benefit from the issuance of a court-supervised notice of this lawsuit and the

5

opportunity to join it.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

33.     The similarly situated Collective Action Members are known to Defendant JDSA I, are readily-identifiable, and can be located through its records.

## STATEMENT OF FACTS

34.     Defendant JDSA I employed Plaintiff and the Collective Action Members as AMs during the relevant period.

35.     Defendants maintained control, oversight, and discretion over the operation of all of its franchised Jason's Deli restaurants, including its employment practices with respect to the AMs.

36.     Plaintiff's and the AMs' work was performed in the normal course of Defendant's business and was integrated into it.

37.     Consistent with the Defendant JDSA I's policy, pattern and practice, Plaintiff and the AMs worked over 40 hours in one or more workweeks, but Plaintiff and the AMs did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as AMs in excess of 40 in those workweeks.  One such week in which Plaintiff worked more than 40 hours, but did not receive overtime premiums is the week of September 20, 2015.

38.     All of the work that the Plaintiff and the AMs performed was assigned by Defendant JDSA I, or Defendant JDSA I was aware of all of the work that they have performed.

39.     The work that Plaintiffs and the AMs performed as part of their primary duty required little skill and no capital investment.

40.     The work that Plaintiff and the AMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

41.     Regardless of the store at which they worked, Plaintiff's and the AMs' primary job duties included:

        a.      preparing food;
        b.      helping customers;
        c.      bussing tables;
        d.      cleaning the restaurant;
        e.      checking to make sure that supplies were properly shelved; and
        f.      checking inventory.

42.     Regardless of the store at which they worked, Plaintiff's and the AMs' primary job duties did not include:

        a.      hiring;
        b.      firing;
        c.      disciplining other employees;
        d.      scheduling;
        e.      supervising and delegating; or
        f.      exercising meaningful independent judgment and discretion.

43.      Plaintiff's and the AMs' primary duties were manual in nature.

44.     The performance of manual labor duties occupied the majority of Plaintiff's and the AMs' working hours.

45.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified, and paid, all of its Assistant Manager positions, including Plaintiff's and the AMs' positions, as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

46.     Upon information and belief, Defendants did not perform a person-by-person analysis of the AMs' job duties when making the decision to classify the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

47.     Plaintiff and the AMs were paid by salary throughout their entire period of training to become an Assistant Manager for Defendant, but were not paid overtime premiums when they worked over 40 hours in a work week during their training periods, at all times throughout the relevant period.

48.     Defendants knew or should have known that under 29 C.F.R. § 541.705, none of the bona fide exemptions under the FLSA could apply to Plaintiff's and the AMs' work during their period of training for employment as an Assistant Manager.

49.     Defendants' conduct alleged herein was willful or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by not paying overtime premiums to its AMs.  Defendants knew that AMs were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff in his AM position and other AMs as non-exempt employees.

50.     During the relevant period, Defendants were aware or should have been aware, through its management-level employees, that Plaintiff in his AM position and AMs were primarily performing non-exempt duties.

51.     During the relevant period, Defendants knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

52.     Accordingly, Defendants' unlawful conduct was willful or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by not paying overtime premiums to AMs.

53.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and policy of violating the FLSA with respect to AMs.  This policy and pattern or practice includes but it is not limited to:

    a.     willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

    b.     willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week;

    c.     requiring Plaintiff and the Collective Action Members to perform primarily non-exempt tasks; and

    d.     willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its AMs who were classified by Defendant as exempt to perform additional non-exempt tasks.

54.     Defendants' willful violations of the FLSA are further demonstrated by the fact

that during the relevant period, Defendant JDSA I failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff and the Collective Action Members.

55.     Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiff and the Collective Action Members during the relevant period.

### FIRST CAUSE OF ACTION
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff and the FLSA Collective**

56.     At all relevant times, Defendant JDSA I has been, and continues to be, an employer enterprise engaged in interstate commerce and the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.     Defendants are subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

58.     Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

59.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

60.     The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

61.     During the relevant period and continuing to the present time, Defendants had a policy and practice of not paying overtime premiums to Plaintiff and its AMs, for hours worked in excess of 40 hours per workweek.

62.     As a result of Defendants' willful failure to compensate its AMs, including

Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63.     As a result of Defendants' willful failure to record, report, credit and compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its AMs sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

65.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the primary job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members were manual labor and included other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendants' instituting a policy and practice that did not record all hours worked by Plaintiff and the Collective Action Members, Defendants knew or showed reckless disregard that their conduct was prohibited by the FLSA,

under 29 U.S.C. § 255(a).

66.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

67.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks a judgment finding liability under the FLSA, and entering the following relief on behalf of himself and all others similarly-situated:

A.     Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B.     An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA using the following common methodology for calculating damages:  ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

C.     Equitable tolling of the FLSA statute of limitations;

D.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E.      An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

F.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G.      An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

H.      An Order compelling the accounting of the books and records of Defendant JDSA I, at Defendants' own expense;

I.      An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

J.      Such other and further relief as this Court deems just and proper.

Dated: October 25, 2017

Respectfully submitted,


*/s/ Lawrence Morales II*
Lawrence Morales II
Texas Bar No. 24051077
**THE MORALES FIRM, P.C.**
6243 W. Interstate 10
San Antonio, TX 78201
T: 210-819-5341
F: 210-225-0821
Email: lawrence@themoralesfirm.com

C. Andrew Head, IL ARDC 6318974 *(pro hac admission application to be filed)*
Bethany A. Hilbert, IL ARDC 6280213 *(pro hac vice admission application to be filed)*
**HEAD LAW FIRM, LLC**

13

4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
Email: ahead@headlawfirm.com
Email: bhilbert@headlawfirm.com

Donna L. Johnson, GA Bar No. 086989 *(pro hac vice admission application to be filed)*
**HEAD LAW FIRM, LLC**
White Provision, Suite 305
1170 Howell Mill Road NW
Atlanta, GA 30318
T: (404) 924-4151
F: (404) 796-7338
Email: djohnson@headlawfirm.com

Fran L. Rudich *(pro hac vice admission application to be filed)*
Seth R. Lesser *(pro hac vice admission application to be filed)*
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
T:  (914) 934-9200
F:  (914) 934-9220
Email: Fran@klafterolsen.com
Email: seth@klafterolsen.com